UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANTERICA SMITH,

    Petitioner,

v.                                               Case No: 6:16-cv-2032-Orl-37DCI
                                                             (6:13-cr-293-Orl-37DCI)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 5) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 6) and a Supplemental Reply (Doc. 8) to the Response. For the reasons set forth herein, the Motion to Vacate will be denied as untimely.

        **I.**         **PROCEDURAL BACKGROUND**

The United States Attorney charged Petitioner by Information (Criminal Case Doc. 13) with one count of fraud in connection with possession of a means of identification of

another person (Count One). (6:13-cr-293-Orl-37DCI, Doc. 13).[1] Petitioner entered into a Plea Agreement (Criminal Case Doc. 19) in which she agreed to enter a plea of guilty to Count One of the Information. Petitioner entered her plea before Magistrate Judge David A. Baker, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 26) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court then entered an Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing (Criminal Case Doc. 27) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense. On March 6, 2014, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 38) in which Petitioner was sentenced to imprisonment for a term of sixty months, to be followed by supervised release for a total term of three years. Petitioner appealed, and, on July 14, 2014, the Eleventh Circuit Court of Appeals granted Petitioner's motion for voluntary dismissal, dismissed the appeal, and issued the mandate. (Criminal Case Doc. 54).

## II. LEGAL STANDARD

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] Criminal Case No. 6:13-cr-293-Orl-37DCI will be referred to as "Criminal Case."

2

> States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Motion to Vacate, which was filed on October 31, 2016, under the mailbox rule,[2] is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

### III. ANALYSIS

In the present case, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on July 14, 2014. Petitioner then had ninety days to petition the United States Supreme Court for certiorari. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). Petitioner did not do so, and the judgment of conviction became final on October 13, 2014.[3] Consequently, Petitioner had until October 13, 2015, to file a section 2255 motion. Because the Motion to Vacate was not filed by October 13, 2015, it is time-barred and must be denied.

---

[2] *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

[3] The one-year period actually expired on Sunday, October 12, 2014. The next business day was Monday, October 13, 2014.

Petitioner asserts that the "new law and clarifying amendment 794 was not in existence until 11/1/2015" and that, therefore, the Motion to Vacate was timely filed. (Doc. 6 at 1). Petitioner also argues that "[n]ewly amended 3B1.2 states that Defendants, such as Smith, who do not have a proprietary interest in the criminal activity or who is simply being paid to perform a certain task, should be considered for a minor role reduction." (*Id.*).

If a petitioner is entitled to equitable tolling, the Court may review a section 2255 motion filed outside the limitations period. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).[4] Equitable tolling is a rare and extraordinary remedy. *id.* at 1271, and it is available if the petitioner demonstrates that (1) she has pursued her rights diligently, and (2) an extraordinary circumstance prevented her from timely exercising her rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner's argument is without merit. Section 2255(f)(4) provides that the one-year limitation period shall run from the latest of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner cites no authority to support her assertion that an amendment to the sentencing guidelines constitutes a "fact" that would reset the one-year statute of limitations under § 2255(f)(4). A change or clarification of controlling law is not a "fact"

---

[4] Cases addressing equitable tolling of the statute of limitations under 28 U.S.C. § 2244 pertaining to habeas petitions are "equally valid" with respect to § 2255 cases. *Jones v. United States*, 304 F.3d 1035, 1037 n.4 (11th Cir. 2002).

within the meaning of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4).").

Here, Petitioner has not identified any facts that could not be discovered until months after her sentence was finalized. Amendment 794 to the sentencing guidelines is not a "fact" relating to Petitioner's criminal history and does not otherwise allow her to invoke § 2254(f)(4). *United States v. Bazaldua*, Nos. 06-CR-0100 (JNE/JSM) & 16-CV-2479 (JNE), 2016 WL 5858634, at *1 (D. Minn. Oct. 5, 2016) (unpublished) ("Amendment 794 to the Sentencing Guidelines . . . is not a basis for Bazaldua to invoke § 2255(f)(4).").[5]

For these reasons, the Court concludes that the Motion to Vacate is untimely and that Petitioner has failed to show that the one-year statute of limitations does not apply. Consequently, the Motion to Vacate is denied and this case is dismissed.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

An application for a certificate of appealability should be granted only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also Lamarca v. Sec'y Dep't of Corr.*,

---

[5] Because no court has concluded that Amendment 794 applies to cases on collateral review, § 2255(f)(3) does not apply.

568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rule 11, *Rules Governing Section 2254 Cases In the United States District Courts.* Petitioner fails to make a substantial showing of the denial of a constitutional right.

### V. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:13-cr-293-Orl-37DCI.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 59) filed in criminal case number 6:13-cr-293-Orl-37DCI.

**DONE** and **ORDERED** in Orlando, Florida on December 8th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 12/8